UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 3:09-cv-31

| | |
|---|---|
| PAUL RICK JENKS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| USF HOLLAND INC., | ) |
| | ) |
| Defendant. | ) |

## JOINT CERTIFICATION AND REPORT OF
## RULE 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

The parties hereby jointly submit the following Certification and Report of Fed. R. Civ. P. 26(f) Conference and Proposed Discovery Plan in accordance with the following:

1. **Certification of Conference.** Pursuant to Fed. R. Civ. P. 26(f), a teleconference was held on February 11, 2009 and attended by:

    Bartina Edwards, counsel for Plaintiff Paul Rick Jenks; and

    Theresa M. Sprain, counsel for Defendant USF Holland Inc.

2. **Pre-Discovery Disclosures.** The information required by Fed.R.Civ.P. 26(a)(1) will be exchanged by March 20, 2009, and after the final ruling on all motions and in conjunction with counsel's schedules.

3. **Case Management Track.** The parties are amenable to a standard scheduling track and order. The parties request that these time periods be calculated from March 20, 2009.

    (a)     Anticipated Personal and Professional Conflicts Affecting Scheduling:

Plaintiff's counsel has a very challenging schedule during the following time periods: March 26-31, 2009, April 9-17, 2009, June 25-30, 2009, July 3-July 7, 2009, August 3-August 9, 2009. Defendant's counsel has a conflict September 11-25, and will update Plaintiff's counsel and the Court as necessary regarding other conflicts. In general, both counsel agree that they would prefer to avoid significant deadlines occurring around these time periods and major holidays.

4. **Discovery Plan.** The parties jointly propose to the court the following discovery deadlines and limitations:

    (a) All discovery shall be commenced in time to be completed by September 1, 2009.

    (b) Discovery Limits:

        (1) Maximum of twenty-five (25) interrogatories by each party to any other party.

        (2) Maximum of twenty (20) requests for admission by each party to any other party.

        (3) Maximum of six depositions by plaintiff and six by defendants, not to exceed seven hours per witness of total testimony under oath.

    (c) Expert Reports from retained experts under Rule 26(a)(2) will be due:

- from Plaintiff by: July 1, 2009
- from Defendant by: August 1, 2009
- Supplementations of reports or information under Rule 26 (e) shall be made by all parties seasonably as they become aware that information previously disclosed is incomplete, not later than August 15, 2009.

5.  **Other Items.**

    (a)  The parties do not request a pre-trial conference with the Court before entry of the scheduling order.

    (b)  All potentially dispositive motions should be filed by October 15, 2009.

    (c)  Settlement:

    -May be enhanced by use of the following ADR procedure:

    -Mediated Settlement Conference

    - The parties request some flexibility in determining the most beneficial time for settlement conference. However, the parties suggest a deadline of not later than August 1, 2009 for this mediated settlement conference.

    (d)  The parties do not anticipate any issues with electronic discovery.

    (e)  Final lists of witnesses and exhibits under Rule 26(a)(e) are due:

    - from plaintiff thirty (30) days before trial.
    - from defendants thirty (30) days before trial.

    (f)  If the case is ultimately tried, trial is expected to take approximately five (5) days. Plaintiff's Complaint requests a trial before a jury.

    Plaintiff's counsel may file a Motion to Remand, and Defendant has pending a Motion to Dismiss before the Court. The parties jointly request that the Court fully and finally rule of these certain preliminary motions before any other actions or filings are made in this case.

6.  Local Civil Rule 73.1 (C) Certification – The parties have discussed the issue of consent to jurisdiction of a U.S. Magistrate, but have not reached a final decision as to consent to magistrate jurisdiction.

7. Protective Order: Discovery in this case may be governed by a protective order. The parties agree to use a standard form and the scope and form of the protective order. Counsel shall confer and then submit a jointly proposed protective order. If the parties disagree concerning the scope and form of a protective order, the party seeking such an order shall file the appropriate motion with the Court.

Respectfully Submitted.

This the 11th day of February, 2009.

/s/
Bartina L. Edwards, NCSB # 32663
The Law Office of Bartina Edwards
10130 Mallard Creek Road, Suite 300
Charlotte, NC 28262
bedwards@blelaw.com
Telephone: 704-944-5540
Facsimile: (704) 944-5521
*Attorney for Plaintiff*

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

/s/
Jack M. Strauch (NCSB No. 22341)
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-721-3656
Facsimile: 336-733-8418

Theresa M. Sprain (NCSB No. 24540)
Post Office Box 831
Raleigh, North Carolina 27602
Telephone: 919-755-2100
Facsimile: 919-755-6785
*Attorneys for Defendant*