IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09 CV 31

| | | |
|---|---|---|
| PAUL RICK JENKS, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| USF HOLLAND INC., | ) | |
| Defendant. | ) | |

This matter is before the court upon Plaintiff's Motion to Remand. For the reasons set forth below, the motion is denied.

Plaintiff Jenks filed a civil action against Defendant Holland on December 23, 2008 in the General Court of Justice, Superior Court Division, Mecklenburg County. The Complaint alleges claims under the Fair Labor Standards Act ("FLSA"), breach of contract, wrongful termination, Retaliatory Employment Discrimination Act ("REDA"), intentional infliction of emotional distress (in the alternative negligent infliction of emotional distress), malicious interference with contract, negligent supervision and negligent retention, civil conspiracy, and workers' compensation.[1] Holland timely filed a Notice of Removal under 28 U.S.C. § 1446 based on subject matter jurisdiction. Jenks has moved to remand the case back to state court.

28 U.S.C. § 1441(a) allows the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The FLSA states, in relevant part, that "[a]n action to recover the liability prescribed . . . may be

---

[1] The Defendant has moved to dismiss this claim and Plaintiff has no objection.

maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Jenks argues that his FLSA claim is not removable, citing several district court cases from outside the Fourth Circuit. However, in *Breuer v. Jim's Concrete of Brevard, Inc.*, the Supreme Court explicitly held that FLSA claims are removable. 538 U.S. 691, 123 S. Ct. 1882 (2003). The Plaintiff in *Breuer* made a FLSA claim against his former employer in state court, and the defendant removed the case to federal court. Pursuing remand, the plaintiff argued that the terms of FLSA allowed actions brought under the statute to be "maintained" in state court, therefore making removal improper. *Id.* at 694. The Court rejected this argument reasoning that several federal statutes contain explicit provisions forbidding removal, while the FLSA contains no such explicit language. *Id.* at 697. ("When Congress has wished to give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms. It has not done so here.") Accordingly, the FLSA claim is removable to this court.

Plaintiff next argues that remand is appropriate because under 28 U.S.C. § 1441 (c) his state law claims predominate.[2] 28 U.S.C. § 1367(a) allows the Court the discretion to exercise supplemental jurisdiction over non-federal claims. The factors courts consider when determining whether to decline to exercise supplemental jurisdiction are set forth in 28 U.S.C. § 1367(c):

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the

---

[2] 28 U.S.C. § 1441 (c) provides: "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

> district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Nothing indicates that these factors weigh in favor of declining supplemental jurisdiction in this case.

First, there is nothing particularly novel or complex about Jenks's other claims which require remand to state court. North Carolina's federal courts routinely preside over claims for breach of contract, intentional infliction of emotional distress, malicious interference with contract, negligent supervision, and civil conspiracy. Moreoever, North Carolina federal courts have presided over wrongful discharge and REDA claims. Second, the worker's compensation related claims do not predominate over other claims in the case. Plaintiff's first cause of action is the FLSA claim alleging he was wrongfully denied overtime wages. Many of the other allegations in the Complaint relate more to the FLSA claim than to the workers' compensation claim. Third, the court has original jurisdiction over the FLSA claim, which has not been dismissed. Fourth, Jenks has failed to identify any unique factual circumstances which would require the Court to decline jurisdiction. Based on the application of 28 U.S.C. § 1367(c) to the facts of the case, the court refuses to decline to exercise supplemental jurisdiction over Jenks's non-federal claims.

Plaintiff next argues that his claims, specifically his REDA claim, arises out of North Carolina workers' compensation law and is therefore not removable pursuant to 28 U.S.C § 1445

(c).[3] REDA claims have been construed by North Carolina district courts as arising from a workers' compensation claim. However, in *Newton v. Coca-Cola Bottling Company Consol., et. al.*, the court held that 28 U.S.C. § 1441(c) applies to statutorily non-removable claims. *Newton v. Coca-Cola Bottling Company Consol., et. al.* 958 F. Supp. 248 (W.D.N.C. 1997). The Plaintiff in *Newton* brought an action against her former employer under Title VII of the 1964 Civil Rights Act and the Violence Against Women Act ("VAWA") and for other various claims. *Id.* at 249. The case was removed to federal court pursuant to 28 U.S.C. §§ 1331 and 1441. The plaintiff attempted to remand the action, arguing that the VAWA claim was not removable pursuant to 28 U.S.C. § 1445(d).[4] *Id.* at 251. The court rejected that argument and noted:

> [N]othing in the language of § 1441(c) suggests that congress intended to distinguish between those claims that are non-removable because they are outside the original jurisdiction of the federal district courts and those claims that are made non-removable by statute. Thus this court finds that § 1441(c) applies to statutorily non-removable claims such as VAWA claims.

*Id. S*ince Jenks's REDA claim is combined with his federal FLSA claim, § 1441(c) permits removal of the REDA claim.

---

[3] 28 U.S.C. § 1445 (c) provides: "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

[4] 28 U.S.C. § 1445 (d) provides: "[a] civil action in any State court arising under section 40302 of the Violence Against Women Act of 1994 may not be removed to any district court of the United States."

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Remand is hereby DENIED.

Signed: June 29, 2009

Graham C. Mullen
United States District Judge